FILED
United States Court of Appeals
Tenth Circuit

**July 14, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ISAIAH HASAN GILBERT,

    Petitioner - Appellant,

v.

SCOTT TINSLEY, Interim Warden,

    Respondent - Appellee.

No. 25-5154
(D.C. No. 4:24-CV-00421-JDR-CDL)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.
_____

Isaiah Hasan Gilbert, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to appeal the district court's dismissal of his 28 U.S.C. § 2254

habeas corpus petition as untimely.  We deny a COA and dismiss this matter.

## BACKGROUND

After a man was shot and killed at an apartment complex in 2010, a jury convicted

Gilbert of first degree murder, shooting with intent to kill after former conviction of a

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Gilbert's arguments, but do not make arguments for him or otherwise advocate on his behalf.  _Garrett v. Selby Connor Maddux & Janer_, 425 F.3d 836, 840 (10th Cir. 2005).

felony, and possession of a firearm and robbery with a firearm after former conviction of a felony. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions on January 7, 2013. Gilbert did not seek further review of his direct criminal proceedings. In October 2022, Gilbert applied for state postconviction relief. The state court dismissed the application in November 2023, and the OCCA affirmed the dismissal in March 2024.

In September 2024, Gilbert filed the instant § 2254 petition, asserting seven claims for relief. Gilbert provided affidavits from the following six people as new evidence demonstrating his actual innocence, which he argued should excuse the untimeliness of his petition: (1) Cordero Barber, (2) Juanita Nichols, (3) Hasim Howard, (4) Jeremy Thomas, (5) Kadrian Daniels, and (6) Roshinique Jones.[2] The affidavits, executed in 2021 and 2022, were first presented in Gilbert's state postconviction proceedings.

The government moved to dismiss Gilbert's § 2254 petition as untimely. He responded that his petition should be reviewed on the merits because he satisfied the actual innocence gateway for relief. He also requested an evidentiary hearing. The district court dismissed the application as untimely and determined that Gilbert had not satisfied the actual-innocence gateway. It denied him an evidentiary hearing and a COA.

## DISCUSSION

Gilbert cannot appeal without first obtaining a COA. *See* 28 U.S.C. § 2253(c)(1)(A). To do so, he must make "a substantial showing of the denial of a

---

[2] Thomas and Daniels both testified against Gilbert at trial. Their affidavits recant their trial testimony.

constitutional right." § 2253(c)(2). When, as here, the district court denies a habeas application on procedural grounds, the prisoner must show that reasonable jurists could debate whether the application states a valid constitutional claim and whether the district court's procedural ruling was correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need only consider the procedural ruling. *See id.* at 485.

### *Timeliness*

A § 2254 petition generally must be filed within the statutory one-year limitations period. 28 U.S.C. § 2244(d)(1). Gilbert's conviction became final in April 2013, and his limitations period expired in April 2014. *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (explaining the mechanics of § 2244(d)(1)'s timeliness requirements). Gilbert did not file his federal habeas petition or any tolling motions during that one-year window.[3] Instead, he filed his § 2254 petition in September 2024, several years too late. Reasonable jurists would not debate that his § 2254 petition was untimely.[4]

Gilbert, however, argues that his petition's untimeliness is excused because he can challenge a "void" judgment at any time, irrespective of the one-year limitations period. COA Br. at 20. He specifically argues that, because his due process rights were violated

---

[3] "Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act] will toll the statute of limitations." *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006).

[4] Section 2244(d)(1)(D) does not help Gilbert argue that his petition was timely. None of the affidavits constitute newly discovered evidence under § 2244(d)(1)(D), because all of the information in the affidavits was discoverable on the night of the shooting, not the dates the affidavits were executed. Gilbert would have been aware of the availability of this testimony during his direct criminal proceedings.

in his underlying proceedings, his judgment is void.  In turn, he argues the due process clause allows a challenge to a void judgment at any time, meaning § 2244(d) is unconstitutional as applied to his circumstances.  But Gilbert offers no authority for the idea that the due process clause prohibits Congress from placing timeliness requirements on certain types of habeas claims, and we are likewise aware of none.  No reasonable jurist would therefore debate the district court's timeliness determination based on Gilbert's contentions.  Accordingly, we deny a COA on this issue.

### *Actual Innocence*

Gilbert also argues that his § 2254 petition's untimeliness is excused by new evidence showing his actual innocence, and points to the six affidavits he presented to the district court.  "[A] credible showing of actual innocence will allow [a petitioner] to overcome . . . his failure to abide by the federal statute of limitations in order to have his [habeas] claim heard on the merits." *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021).  To make such a showing, a petitioner must "present new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 1031 (internal quotation marks omitted).[5]  Gilbert's affidavits do not satisfy the actual innocence gateway because he would not be acquitted based on the information they provided.

---

[5] Gilbert argues that the district court did not use the "newly presented" evidence standard from *Fontenot* to evaluate his affidavits.  Contrary to Gilbert's contentions, the district court did apply *Fontenot* to evaluate his actual innocence arguments.  *See* R. vol. I at 787 (district court order) ("[A] claim of actual innocence requires a petitioner to present 'new reliable evidence . . . that was not presented at trial'" (quoting *Fontenot*, 4 F.4th at 1031)).

The trial evidence included Gilbert's police interview. In that interview, Gilbert acknowledged his presence at the apartment complex the night of the shooting. He also was aware of key details before they were discussed, including the name of a witness and that there was a fight. Gilbert's jail calls were also introduced at trial, which included a conversation where Gilbert acknowledged that he had been present at the apartment complex and had been inside the victim's apartment. Further, trial testimony from multiple witnesses placed Gilbert at the scene at the time of the shooting and identified him as wearing the same black clothing as the shooter.

The affidavits provided the following. The Barber and Jones affidavits stated that Gilbert wore a red work uniform and left the apartment before the shooting occurred. The Nichols and Howard affidavits stated that Gilbert was with them at their home the night of the shooting. The Thomas and Daniels affidavits recanted their trial testimony. Thomas stated that he could not tell that Gilbert was present at the time of the shooting, and Daniels stated that Gilbert was not present at the scene the night of the shooting.

The affidavits contradict the evidence presented at trial via Gilbert's police interview and witness testimony. At best, they provide a different account of Gilbert's presence at the scene and the clothing he wore that night, but they do not invalidate the testimony presented at trial. Conflicting evidence is for a jury to resolve, and we cannot say that a reasonable jury would credit only some witnesses. *See Moore-El v. Luebbers*, 446 F.3d 890, 903 (8th Cir. 2006) ("The existence of such a 'swearing match' would not establish that no reasonable juror could have credited the testimony of the prosecution witnesses . . . .").

5

Moreover, Gilbert's affidavits are of questionable reliability. The Thomas and Daniels affidavits recant their trial testimony, which "has long been disfavored as the basis for a claim of innocence," *Case v. Hatch*, 731 F.3d 1015, 1041 (10th Cir. 2013). Indeed, we "look upon recantations with extreme suspicion" because they are "notoriously unreliable, easy to find but difficult to confirm or refute: witnesses forget, witnesses disappear, witnesses with personal motives change their stories many times, before and after trial." *Id.* at 1041-42, 1044 (internal quotation marks omitted). And these affidavits were executed over ten years after the events that predicated Gilbert's convictions. *See Fontenot*, 4 F.4th at 1056 (explaining that if "the affidavits from witnesses procured nearly thirty years after the events in question" were "the sole evidence presented in support of [petitioner's] innocence, this lack of diligence might devalue the credibility of his submission enough to bar provision of procedural relief").

The affidavits also contradict each other. The Daniels affidavit states that Gilbert was not present at the apartment complex on the day of the shooting. And the Howard and Nichols affidavits claim that Gilbert spent the entire night of the incident with them at their apartment. However, the Barber, Thomas, and Jones affidavits all stated that Gilbert had been at the apartment complex. Such contradictions undercut the affidavits' reliability and Gilbert's actual innocence argument.

We cannot say that, on this record, a jury could only acquit Gilbert based on the information offered in the six affidavits. Accordingly, he has not met the actual innocence gateway, and we deny a COA on this issue.

*Evidentiary Hearing*

The district court also denied Gilbert an evidentiary hearing. Gilbert has not shown that the court could not decide his § 2254 petition on the existing record. Therefore, reasonable jurists would not debate whether the district court abused its discretion in denying an evidentiary hearing. *See Torres v. Mullin*, 317 F.3d 1145, 1161 (10th Cir. 2003) (district court does not abuse its discretion in denying evidentiary hearing when it can dispose of § 2254 petition on the record).

\*\*\*

Gilbert's remaining arguments address the merits of his constitutional claims. Since we find that no reasonable jurists would debate the § 2254 petition's untimeliness, we do not consider them further. *See Slack*, 529 U.S. at 485.

## CONCLUSION

We grant Gilbert's motion to supplement his COA application (Dkt. No. 10). We deny a COA and dismiss this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge